Filed 12/15/25  P. v. Anthony CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ORVIS CAMILO ANTHONY,<br><br>    Defendant and Appellant. | B342085<br><br>Los Angeles County<br>Super. Ct. No. TA075921 |

APPEAL from an order of the Superior Court of Los Angeles County, Connie R. Quinones, Judge.  Reversed and remanded.

Jonathan Demson and Diane Berley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Nikhil Cooper, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

The trial court summarily denied Orvis Anthony's section 1172.6 petition. The prosecutor concedes the trial court should have provided Anthony an evidentiary hearing. We reverse and remand for the trial court to afford this hearing. Statutory citations are to the Penal Code.

In 2019, the Legislature enacted Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), which altered the rules of murder liability to ensure culpability more closely matched punishment. (*People v. Arellano* (2024) 16 Cal.5th 457, 472.)

To provide retroactive relief, Senate Bill 1437 also established a resentencing process, now codified in section 1172.6. This statute permits individuals convicted of murder, attempted murder, or manslaughter under a theory made invalid by the current law to petition the sentencing court to vacate the conviction and seek resentencing. (§ 1172.6, subd. (a).)

The statute lays out a three-stage process for those seeking resentencing.

At the first stage, a petitioner need only submit a facially sufficient petition that alleges the statutory prerequisites for relief. (*People v. Patton* (2025) 17 Cal.5th 549, 562 (*Patton*).) If the petition is facially valid, the petitioner is entitled to the appointment of counsel, if requested, and the matter proceeds to the second stage. (*Ibid*.)

At the second stage, the trial court must determine whether the petitioner has made a prima facie showing of eligibility for relief. (*Patton, supra*, 17 Cal.5th at p. 562.) If the court finds the petitioners have met their burden of establishing a prima facie case, the court must then issue an order to show cause and proceed to the third stage: an evidentiary hearing at which the prosecution bears the burden of proving, beyond a

reasonable doubt, that the petitioners remain guilty under current law. (*Ibid.*)

In determining whether the petitioner has made a prima facie showing in the second stage, the trial court looks to the record of conviction. (*Patton*, *supra*, 17 Cal.5th at pp. 563–564.) If the record refutes the petitioner's claim as a matter of law, the court may properly deny the petition at the prima facie stage. (*Id.* at p. 563.) However, the trial court may not engage in any factfinding or credibility determinations. (*Id.* at p. 563.) If the record of conviction alone does not foreclose relief, the court must set an evidentiary hearing. (*Id.* at pp. 566–567; § 1172.6, subd. (d)(3).)

We independently review the trial court's determination at the prima facie stage. (*People v. Curiel* (2023) 15 Cal.5th 433, 471.)

Anthony filed a facially valid petition under section 1172.6, subdivision (a). The resentencing court appointed counsel and held a hearing on whether Anthony had made a prima facie showing.

In Anthony's underlying case, Anthony pleaded guilty to first degree murder and admitted gang and principal discharge of a firearm allegations before the court held a preliminary hearing. There is no transcript of Anthony's plea. The prosecutor concedes Anthony's record of conviction includes only the felony complaint and the minute order about the plea. In opposition to Anthony's petition, the prosecutor relied on facts from Anthony's testimony in a codefendant's case. The trial court ruled Anthony's record of conviction foreclosed relief.

At the prima facie stage, the trial court may consult only *Anthony's* record of conviction. As Anthony argues, and the

3

prosecutor concedes, there is insufficient information in that record to show he is ineligible for relief as a matter of law. Therefore, the trial court should have set an evidentiary hearing under subdivision (d)(3). We remand for the trial court to provide this hearing.

## DISPOSITION

We reverse and remand for the trial court to hold an evidentiary hearing pursuant to subdivision (d)(3).


WILEY, J.


We concur:


STRATTON, P. J.


VIRAMONTES, J.


4